# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                            Case No. 07-20099-01-JWL
                                                            Civil Case No: 12-2694-JWL

**Rene Garcia-Rodriguez,**

    **Defendant.**

## MEMORANDUM & ORDER

On June 17, 2009, defendant Rene Garcia-Rodriguez pled guilty to conspiracy to distribute and possession with intent to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine (Count I of the Second Superseding Indictment) as well as to money laundering (Count 8 of the Second Superseding Indictment). On March 24, 2010, he was sentenced to 300 months' imprisonment on Count 1 and 240 months' imprisonment on Count 8, to run concurrently. Defendant did not file a direct appeal. This matter is now before the court on Mr. Garcia-Rodriguez's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 924). As will be explained, the motion is dismissed because it was untimely filed.

A defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which establishes a one-year limitations period for federal prisoners seeking habeas relief. Under 28 U.S.C. § 2255(f), a criminal defendant may file a habeas petition one year from the latest of four circumstances:

(1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

While Mr. Garcia-Rodriguez summarily states in his reply brief that "the government and his attorney prevented him from filing" his motion within the one-year limitations period, he offers no facts or allegations supporting that statement and the record does not otherwise suggest a basis for that statement. Subsections (3) and (4) of § 2255(f) are also inapplicable and Mr. Garcia-Rodriguez does not contend that they do apply. As such, the one-year limitations period began to run on the date on which Mr. Garcia-Rodriguez's judgment of conviction became final.

Where a defendant files an appeal, his conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Where a defendant does not file an appeal, his conviction becomes final on the date when the time for filing an appeal expires. *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006). A criminal defendant must file a notice of appeal within fourteen days of judgment. Fed. R. App. P. 4(b)(1)(A).

Here, judgment was entered against Mr. Garcia-Rodriguez on March 24, 2010. He did not file a direct appeal. Thus, his judgment became final on April 7, 2010—fourteen days after entry of judgment. Mr. Garcia-Rodriguez filed his § 2255 motion on October 26, 2012—long

2

after the close of the one-year limitations period. He is now time-barred from filing a habeas petition in the absence of showing justification for equitable tolling of the one-year limitations period.

AEDPA's one-year limitations period may be tolled for equitable reasons, but only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Generally, equitable tolling is appropriate if the movant shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To show due diligence, the movant must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Excusable neglect, however, does not support equitable tolling. *See Gibson*, 232 F.3d at 808. Equitable tolling also may be appropriate if the movant is actually innocent. *See id*. Finally, a movant bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Miller*, 141 F.3d at 977.

Mr. Garcia-Rodriguez does not set forth any extraordinary circumstances that merit equitable tolling of the limitations period. He does not assert that he diligently pursued his claims, he does not advance a claim of actual innocence, he has not shown that the government's conduct prevented him from timely filing, and he does not otherwise contend that his untimely filing was caused by circumstances beyond his control. Because Mr. Garcia-Rodriguez filed his § 2255 petition outside the one year limitations period, and equitable tolling is not warranted in this action, his motion is time-barred under § 2255(f). Thus, the defendant's § 2255 petition is dismissed as untimely.

3

The court turns, then, to resolve whether Mr. Garcia-Rodriguez has "succeeded in meeting the standards Congress and the Supreme Court have imposed" for the issuance of a certificate of appealability. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). In order to obtain a COA, Mr. Garcia-Rodriguez must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). He cannot make this showing. Mr. Garcia-Rodriguez's motion is undisputedly untimely field and the court has no jurisdiction to proceed. Reasonable jurists, therefore, could not debate the court's decision to dismiss and the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Garcia-Rodriguez's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (doc. 924) is **dismissed**.

**IT IS SO ORDERED.**

Dated this 7th day of February, 2013, at Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge