# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

United States of America,

    Plaintiff,

v.                                                                           Case No. 07-20099-01-JWL

Rene Garcia-Rodriguez,

    Defendant.

## MEMORANDUM & ORDER

On June 17, 2009, defendant Rene Garcia-Rodriguez pled guilty to conspiracy to distribute and possession with intent to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine (Count I of the Second Superseding Indictment) as well as to money laundering (Count 8 of the Second Superseding Indictment). On March 24, 2010, he was sentenced to 300 months' imprisonment on Count 1 and 240 months' imprisonment on Count 8, to run concurrently. Defendant did not file a direct appeal. In October 2012, Mr. Garcia-Rodriguez filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which the court dismissed because it was untimely filed. This matter is now before the court on two motions filed by Mr. Garcia-Rodriguez—a motion for "permission to file a belated notice of appeal" (doc. 937) so that he may appeal the judgment entered by the court on March 24, 2010 and a motion to "recall mandate" (doc. 938) in which he asks an "appellate court" to "recall the mandate" relating to this court's March 24, 2010 judgment in light of his counsel's deficient performance. The government, invoking Federal Rule of Appellate Procedure 4(b)(4),

opposes the motion to file a belated notice of appeal. The government did not respond to the motion to recall mandate.

The motion to file a belated notice of appeal is denied. Federal Rule of Appellate Procedure 4(b)(4) permits the court to extend the time to file a notice of appeal in limited circumstances but never for a period exceeding 30 days from the expiration of the time otherwise prescribed by the rule. Clearly, the time for filing a notice of appeal expired back in 2010 and a limited 30-day extension of that time would similarly have expired back in 2010. There is simply no authority pursuant to which the court may permit Mr. Garcia-Rodriguez, more than three years after entry of the judgment he seeks to appeal, to file a notice of appeal out of time. *See United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008) (the time bar in Rule 4(b) must be enforced when invoked by the government).

The court also denies Mr. Garcia-Rodriguez's motion to recall the mandate. Mr. Garcia-Rodriguez asserts that his motion is made pursuant to 28 U.S.C. § 2016, which gives any court of appellate jurisdiction the authority to "affirm, modify, vacate, set aside or reverse" any judgment of a court "lawfully brought before it for review." *See Clayton v. Jones*, 700 F.3d 435, 444 (10th Cir. 2012) (section 2106 gives courts of appeals power to require such further proceedings to be had as may be just under the circumstances). This court, then, has no authority under 28 U.S.C. § 2106 as it grants authority only to appellate courts. While the court typically would consider transferring Mr. Garcia-Rodriguez's motion to the Tenth Circuit Court of Appeals, it declines to do so here because Mr. Garcia-Rodriguez never filed a notice of appeal (and, thus, no mandate was ever issued in any event) with the Circuit such that there is no specific case number to which the court might transfer the motion. To the extent Mr. Garcia-

2

Rodriguez intends, by his motion, to ask this court to set aside or vacate its March 10, 2010 judgment pursuant to Federal Rule of Civil Procedure 60(b), that motion seeks relief from his conviction and sentence and, thus, is properly deemed a § 2255 motion. *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (relief sought in the motion rather than the pleading's title determines whether the pleading is, in fact, a § 2255 motion); *In re Pickard*, 681 F.3d 1201, 1204-05 (10th Cir. 2012); *United States v. Eaton*, 475 Fed. Appx. 710, 711 (10th Cir. 2012) (Rule 60(b) –labeled motion was correctly treated as successive § 2255 petition because it asserted a basis for relief from conviction). Because Mr. Garcia-Rodriguez has already filed a § 2255 petition, which the court dismissed as untimely, the present motion constitutes a successive § 2255 petition and he must obtain authorization from the Tenth Circuit to file it. *See* 28 U.S.C. § 2255(h). He has not obtained such authorization and the court declines to transfer this matter to the Tenth Circuit as his claim would be time-barred in any event.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Garcia-Rodriguez's motion for "permission to file a belated notice of appeal" (doc. 937) is **denied** and his motion to recall mandate (doc. 938) is also **denied**.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3